Krishna MUIR, Plaintiff,

v.

**NAVY FEDERAL CREDIT UNION,
et al., Defendants.**

No. CIV. 03–1193(RJL).

United States District Court,
District of Columbia.

March 1, 2005.

Dev A. Kayal, Silver Spring, MD, for Plaintiff.

Marina K. Bowsher, Francis J. Nealon, Ballard, Spahr, Andrews & Ingersoll, LLP, Aaron L. Handleman, Eccleston & Wolf, P.C., Justin Michael Flint, Eccleston & Wolf, Washington, DC, George Samuel Mahaffey, Jr., Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Before the Court is defendant Patricia L. Dearing, LLC's ("Defendant Dearing") motion to dismiss for lack of standing. In his complaint, the plaintiff, Krishna Muir, alleges that Defendant Dearing violated the Fair Debt Collection Practices Act ("FDCPA") by, among other things, un-

lawfully "advising, counseling and working in concert with the [Navy Federal Credit Union] to take Plaintiff's funds to satisfy a debt" owed by his father. Compl. ¶¶ 67, 73, 78, 84.

The issue of standing is a threshold question in every federal case. Its purpose is to determine whether the case is justiciable. *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). When reviewing a motion to dismiss for lack of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Id.* at 501, 95 S.Ct. 2197. If, after considering the record before the Court, "the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Id.* at 501–02, 95 S.Ct. 2197. For the following reasons, the Court concludes that the plaintiff lacks standing to sue Defendant Dearing and grants the motion to dismiss the complaint as to this defendant.

### ANALYSIS

For a plaintiff to pursue a claim, he must demonstrate that he "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498–99, 95 S.Ct. 2197 (internal quotation marks omitted). The standing inquiry involves both constitutional and prudential limitations. *Id.* at 498, 95 S.Ct. 2197. To establish "the irreducible constitutional minimum of standing," the plaintiff must demonstrate that there was an injury-in-fact that is fairly traceable to the challenged conduct and that the injury can be redressed by a favorable decision by the Court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The Supreme Court has established that a plaintiff must also satisfy "several judicially self-imposed limits on the exercise of federal jurisdiction," including that a plaintiff's complaint must "fall within the zone of interests protected by the law invoked." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Neither a traceable injury-in-fact nor alleged conduct within the zone of interests is present here.

As to the first, Mr. Muir alleges that Defendant Dearing violated the FDCPA when it participated in efforts by Mr. Muir's bank to remove money from a joint bank account to collect a debt owed by his father. Although Mr. Muir suffered an injury-in-fact when he was deprived of over $27,000, the Court is not convinced that that injury can be fairly traced to Defendant Dearing's conduct because there are no allegations that Defendant Dearing made any direct, or indirect, attempt to collect the debt from Mr. Muir. To the contrary, Defendant Dearing's communications, according to the complaint, were limited to the bank and Mr. Muir's father. Compl. ¶¶ 29–31. Moreover, Defendant Dearing's conduct does not fall within the zone of interests protected by the FDCPA, which was enacted "to eliminate abusive debt collection practices...." 15 U.S.C. § 1692(e). Simply stated, an individual who is not *subjected* to the practices of a debt collector does not fall within the zone of interests intended to be protected by the statute. Accordingly, Mr. Muir lacks the necessary standing to challenge Defendant Dearing's actions under the FDCPA, and the Court GRANTS this defendant's motion to dismiss.

### ORDER

For the reasons set forth above, it is this 28th day of February, 2005, hereby

**ORDERED** that Defendant Patricia L. Dearing, LLC's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [# 26] is **GRANTED**.

**SO ORDERED.**